# IN THE OREGON TAX COURT

## NATIONAL MANUFACTURING, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 2983)

James P. Losk, Maylie & Grayson, Portland, represented plaintiff.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion For Summary Judgment granted April 16, 1991.

### CARL N. BYERS, Judge.

Plaintiff appeals from defendant's order dismissing its petition as to the 1987-88 tax year. ORS 306.115(3) allows the department to correct a tax roll for the current assessment year and two preceding years under certain conditions. Defendant claims plaintiff did not appeal 1987-88 until January 11, 1990. Since the 1987 assessment year is more than

two years prior to the 1990 assessment year, the defendant would not have authority to correct the roll for that year. The parties have filed cross-motions for summary judgment.

The undisputed facts are:

(1)    December 30, 1988 - Plaintiff purchased the subject property and assumed obligations pertaining to property taxes, and all rights arising therefrom, including the right to appeal valuations of property.

(2)    April 28, 1989 - Plaintiff filed its petition with defendant appealing Account No. R41490-0950 for 1988-89. This petition was signed by plaintiff's attorney.

(3)    May 31, 1989 - Defendant requested plaintiff's written authorization for the attorney's representation.

(4)    June 15, 1989 - Plaintiff sent a signed Authorization to the Department of Revenue. Another copy of the Authorization was mailed to Department of Revenue in January, 1990.

(5)    August 28, 1989 - Plaintiff filed a petition with defendant appealing Account No. R41490-0950 for 1989-90.

(6)    January 11, 1990 - Plaintiff filed an "amended" petition for 1987-88, 1988-89 and 1989-90 for Account Nos. R41490-0950 and R41490-0951.[1]

In its Memorandum In Support Of Plaintiff's Cross-Motion for Summary Judgment, at 3, plaintiff states:

"The original Petition was filed in April, 1989. * * * The Amended Complaint [sic], which added additional years, and one additional property tax account, was filed in January, 1990. The date of filing should relate back to April 25, 1989."

ORS 305.275(5) requires that all appeals shall be taken by filing a petition. The petition "shall state the facts relied upon for relief, a description of any property involved, * * * [and] the relief requested, * * *."

---

[1] The court assumes the difference in account numbers in the petitions for 1988-89 and 1989-90 was a typographical error.

OAR 150-305.275(A) states:

"(1) The purpose of a petition is to inform the Department and the nonappealing party of the nature of the claim for relief. For this reason, petitions to the Department shall include the following information:

"(a) A brief statement of the facts on which the appeal is based;

"(b) A statement of the specific result requested by the petitioner;

"* * * * *

"(e) In cases involving property, the assessor's tax account number or identification number of the property in question[.]"

■ The petitions filed by plaintiff in 1989 covered only one property account (No. R41490-0950) for the 1988-89 and 1989-90 tax years.

"[E]ach tax year stands on its own. An alleged gross valuation error for one year does not automatically give notice of a gross valuation error for a prior year, * * *." *Esco Corp. v. Dept. of Rev.,* 307 Or 639, 646, 772 P2d 413 (1989).

■ Plaintiff's "amended" petition added a second property (account) and an additional year (1987-88). The "amended" petition cannot relate back to the earlier petitions. There was nothing in the earlier petitions from which defendant could infer the claims added by the "amended petition." Even if the judicial principle of relation back applied to administrative appeals, plaintiff has not met the conditions for its application. *Evans v. Salem Hospital,* 83 Or App 23, 730 P2d 562 (1986), *rev den* 303 Or 331 (1987). Plaintiff's claim that its appeal in 1990 relates back to its first petition is without support.

Plaintiff did not request relief for 1987-88 until January, 1990. At that time, defendant had authority to correct 1990 as the "current assessment year" and 1988 and 1989 as the "two preceding years." Defendant was without authority to correct the roll for 1987-88 and its dismissal of plaintiff's petition for that year was correct. Now, therefore,

IT IS ORDERED that plaintiff's Cross-Motion For Summary Judgment is denied; and

IT IS FURTHER ORDERED that defendant's Motion For Summary Judgment is granted.

No costs to either party.