# IN THE OREGON TAX COURT

## PORT OF BANDON
*v.*
## DEPARTMENT OF REVENUE
(TC 2974)

John Mehringer, Bandon, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered May 29, 1991.

**CARL N. BYERS, Judge.**

Plaintiff appeals a property tax assessment of certain port property as of January 1, 1988, claiming the property is exempt. Port of Bandon (Port) is a tax-exempt, special district port. The property in question is a three-bedroom apartment, a one-bedroom apartment and one-third of a garage, all located in the Port's main building, a decommissioned Coast Guard Station.

The Director of the Port, Mr. Linke, and his wife, who serves as Operations Manager for the Port, occupy the larger apartment. Mrs. Linke testified that her family had

also used the smaller apartment which had been rented for a short time in 1988.

Living on the premises allows the Linkes to perform services beyond the usual 40-hour week. Mrs. Linke testified she and her husband are "on call" after business hours and on weekends. Mr. Linke assists with rescue operations if the Coast Guard is not available. The Port has experienced some problems with vandalism. By residing on the premises, the Linkes are able to watch the property. A "Local Citizens' Patrol" checks the moorage basin and the general premises of the Port property at least once each night. The Linkes have had to call the police after business hours about four times since 1982.

■■ Publicly owned property is generally exempt from taxation. ORS 307.090. However, public property is taxable when used for private purposes. ORS 307.110(1) provides:

"Except as provided in ORS 307.120, all real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment, shall be subject to assessment and taxation for the true cash value thereof uniformly with real property of nonexempt ownerships."

The issue in this case is whether plaintiff's employees (the Linkes) hold an interest in the subject property "as an incident" to their employment. This requires the court to determine what the legislature intended by the use of the word "incident."

In *Holman Tfr. Co. et al v. Portland et al,* 196 Or 551, 249 P2d 175, *reh'g denied* 250 P2d 929 (1952), the court was required to construe the predecessor to ORS 307.110(1). In that case, the court stated:

"In the instant case, the exemption is clearly defined and founded upon plain and unambiguous language and, therefore, fully meets the test of strict construction, though that is unnecessary. *An exemption from taxation of property owned by a municipal corporation should be liberally, and not strictly, construed." Id.* at 571. (Emphasis added.)

However, 30 years later in *Johnson v. Dept. of Revenue,* 292 Or 373, 377, 639 P2d 128 (1982), the court stated:

"The policy underlying exemption from taxation is made clear by a close reading of these sections. When property is used for a public purpose, it is exempt from taxation. Where, however, public property is put to some private use, whether by lease or sale, the policy underlying exemption from taxation no longer applies. Because the legislative intent is clear regarding taxation of state owned, leased property, we do not see the need for invoking any rules of construction to shed light on the legislative intent."

In *Port of Coos Bay v. Dept. of Rev.,* 298 Or 229, 236, 691 P2d 100 (1984), the court again found it "unnecessary to refer to a liberal or a strict rule of statutory construction." In that case, the court used the common meaning of the word "berthing" as found in the dictionary. It concluded that dry storage of boats in a building more than 300 feet from the water is not "berthing" of watercraft as intended by the legislature.

There is no question the premises in question are "held under a lease or other interest or an estate less than a fee simple * * *." ORS 307.110(1). The premises are furnished as part of the Linkes' compensation under an oral employment agreement. It is doubtful the Linkes are tenants for purposes of the landlord-tenant laws.[1] The duties of their employment are performed "in and about the premises" which they occupy.

The main point of inquiry is the meaning of the terms "as an incident to such employment." The word "incident" is of such a general nature that many definitions and meanings can be found for it. The meaning the court believes the legislature intended is:

"1(b) [A]n accompanying minor occurrence or condition." Webster's Third New International Dictionary (Unabridged) 1142 (1961).

■   The evidence established that the Linkes live where they do because the quarters are part of their compensation. There is no question that living there is a condition of

---

[1] ORS 90.110(5) excludes: "Occupancy by an employee of a landlord whose right to occupancy is conditional upon employment in and about the premises."

employment in that sense. However, is living there a condition relating to the Linkes' duties? Mrs. Linke testified they work more than regular hours, including nights and weekends. The Port's president indicated that having the Linkes live on premises benefits the Port. The Port's auditor believes the use of the premises is not reportable income, therefore, the Linkes do not report it as taxable income. This implies an understanding that the arrangement complies with Internal Revenue Code § 119. That section requires lodging to be furnished for the convenience of the employer and as a condition of employment. Treas Reg § 1.119-1(b). After considering all of the activities of the Linkes as Port employees, the court finds the premises are occupied by them "as an incident to their employment."

The court finds the subject property exempt from taxation under ORS 307.110(1). Defendant's Opinion and Order No. 89-0900 should be set aside and held for naught. Judgment will be entered accordingly. Costs to neither party.