NORPAC FOODS, INC.,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE
and Marion County Assessor,
*Defendants.*

(TC 4490)

David L. Canary, Garvey, Schubert & Barer, Portland, filed the motion and response for Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, filed the motion and response for Defendant (the department).

Decision rendered May 16, 2001.

**CARL N. BYERS, Senior Judge.**

This matter is before the court on Plaintiff's (taxpayer) Motion for Partial Summary Judgment and Defendant Department of Revenue's (the department) Cross Motion for Summary Judgment. The motions seek to resolve a procedural issue raised by the department's affirmative defense.

In their motion arguments, the parties address the court's scope of review. ORS 305.425(1)[1] provides:

"All proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and de novo."

Taxpayer's arguments essentially assert that ORS 305.425(1) prevents the Regular Division from giving *any* weight or consequence to dismissal of taxpayer's case by the magistrate. In opposition, the department argues that a trial *de novo* does not preclude the parties from raising procedural issues that arose in the Magistrate Division. The department cites the case of *Dept. of Rev. v. Ritchie Chevron, Inc.*, 14 OTR 406 (1998) wherein the Regular Division upheld a default judgment against the department for failure to file its answer within the time provided.

Issues in the Regular Division of the Tax Court arise from the claims made by the parties. Those claims may be either substantive or procedural in nature. Prior to creation of the Magistrate Division, a typical procedural claim was that the taxpayer failed to file a timely petition with the department. On appeal to this court, the court would conduct a *de novo* trial on whether the taxpayer's petition to the department was late. If the court found it was late, the taxpayer's appeal was dismissed. *See, e.g., National Manufacturing, Inc. v. Dept. of Rev.*, 12 OTR 32 (1991).

The terms "original" and "independent" were added to ORS 305.425 by the 1965 Legislature to ensure taxpayers an impartial hearing in Tax Court. *See* Or Laws 1965, ch 6, § 3. However, "original" has never been construed to mean that an act or failure to act below should be ignored by the

---

[1] All references to the Oregon Revised Statutes are to 1999.

court. If a statute or rule requires that some action be taken, failure to act may give rise to a claim or defense by the other party.

■ With the establishment of the Magistrate Division, it became necessary to provide rules of procedure. ORS 305.501(3) provides:

> "The tax court, with the assistance of the State Court Administrator, shall establish procedures for magistrate division hearings, mediation and small claims procedures."

The court has established "procedures" by adopting court rules. The authority to establish procedures implies authority to enforce those procedures. Therefore, magistrates may enforce the rules by orders, including orders of dismissal. Of course, such orders may be appealed to the Regular Division.

Although ORS 305.425(1) directs that all proceedings before the judge of the Tax Court are *de novo*, a legislative grant of authority may impinge on that otherwise unrestrained scope of review. For example, in *Martin Bros. v. Tax Commission*, 252 Or 331, 338, 449 P2d 430 (1969), the Supreme Court stated:

> "* * * Even though the proceeding before the tax court is *de novo*, where the legislature has given the tax commission discretion to decide whether something is reasonable, we believe the function of the court is to decide whether there has been any abuse of discretion and not to retry the original determination of the commission. * * *"

■ The court has examined the statutes establishing the Magistrate Division and can find no express or implied discretionary authority that would limit that scope of review by the judge. To the contrary, by amending ORS 305.425(1) to specify the "judge" of the Tax Court, the legislature expressed an intent that the judge review the acts and decisions of the magistrates *de novo*. Therefore, procedural issues presented to the judge in the Regular Division will be considered as "original, independent" proceedings and tried *de novo*.

Taxpayer filed its Complaint in the Magistrate Division on December 29, 1999, appealing the 1999-2000 assessed value of property used as a food-processing plant. The department filed its Answer on February 1, 2000, and a

telephone case management conference was held with a magistrate on February 15, 2000. The affidavit of taxpayer's representative, Larry Tapanen, states that because of similar issues in other cases, the parties agreed to hold the instant matter in abeyance pending the outcome in cases such as *Dept. of Rev. v. Port of Umatilla, Hermiston Foods, Inc.,* OTC-RD No. 4448, which was later dismissed by stipulation.

The affidavit of the department's counsel, James Wallace, states that taxpayer requested a 90-day continuance to pursue settlement discussions and that there was no agreement to hold the case in abeyance. It further states that taxpayer was instructed to file a status report within 90 days and that taxpayer did not file a report and no settlement discussions were held. The affidavit also asserts that no settlement discussions were held during the 60 days following the magistrate's letter of May 22, 2000.

The affidavit of Paul J. Pickerell, trial court administrator, verifies certain court records, one of which is the magistrate's letter of May 22, 2000, directing taxpayer to file a report with the court within 60 days or the case would be dismissed. Taxpayer did not file a report, and the magistrate dismissed its case.

Based on the above, the court finds that there is a dispute of material fact, and therefore this issue may not be resolved by motions for summary judgment.

In summary, on appeal, the judge will consider the evidence and determine *de novo* whether taxpayer's appeal should be dismissed for failure to submit a written report as directed by the court. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Cross Motion for Summary Judgment is denied.