I. INTRODUCTION
This case comes before the court for decision after trial. Plaintiff Kurt E. Freitag (Freitag) represented Plaintiffs (taxpayers) pro se. Defendant Department of Revenue (the department) was represented by counsel.
 II. FACTS
In early 2005, taxpayers appealed the value of real property located in Lincoln County to the Magistrate Division of this court. At a May 12, 2005, case management conference, the taxpayers and the defendant in that case (the county) agreed to hold a second conference on July 11, 2005, for the purpose of discussing whether discovery would be permitted to taxpayers. The county failed to appear at the July 11 conference. Freitag testified that, at the conference, he asked that the matter be dismissed and that he be deemed the prevailing party because the county failed to appear. He further testified that the magistrate refused to do so.
In a Journal Entry filed on July 11, 2005, the magistrate noted that the county had failed to appear at the case management conference and stated that taxpayers should submit discovery requests, if any, in writing to the county. In addition, the magistrate stated that taxpayers should submit three dates for trial to the county and to the court by August 11, 2005. No dates were submitted by taxpayers. In the face of that failure to respond, on August 16, 2006, the magistrate issued an order stating that "if Plaintiffs do not submit three [trial] dates by August 31, 2005, Plaintiffs' appeal will be dismissed for lack of prosecution."
Taxpayers' response to the magistrate's Journal Entry and Order took the form of a letter dated August 23, 2005, in which Freitag expressed his belief that it was not proper to set a trial date before discovery issues had been resolved. The letter did not provide trial dates. At trial, *Page 147 
Freitag testified that he did not submit any discovery requests in writing to the county. On September 19, 2005, the magistrate issued a decision that dismissed taxpayers' appeal for lack of prosecution.
Freitag also testified at trial regarding a different, earlier Magistrate Division case, not before the court in this matter, in which he was a plaintiff.[1] He testified that an order was issued in that case requiring him to submit dates on which he would be available for proceedings. According to his testimony, he did not provide any dates, which resulted in a hearing being set at a time when he was not available. Finally, Freitag testified that the matter was dismissed as a result of his failure to appear at that hearing. The department states, however, that the case was dismissed for lack of prosecution when taxpayers failed to provide dates on which to reschedule the hearing.
 III. ISSUES
A. What is the applicable standard of review?
B. Under the applicable standard of review, did the magistrate properly dismiss taxpayers' case for lack of prosecution?
 IV. ANALYSIS
A. Standard of Review
 1, 2. Generally, all proceedings in the Tax Court are to be original, independent proceedings and tried de novo.See ORS 305.425(1).[2] At times, however, a "legislative grant of authority may impinge on that otherwise unrestrained scope of review." Norpac Foods, Inc. v. Dept. of Rev.,15 OTR 331, 333 (2001); see also Martin Bros. v. TaxCommission, 252 Or 331, 338, 449 P2d 430 (1969) (articulating an abuse of discretion standard for tax commission determinations despite the statutory de novo standard).
3-5. The legislature has granted the court the authority to "establish procedures for Magistrate Division hearings." ORS 305.501(3). Those procedures may not, of course, be *Page 148 
inconsistent with the governing statutes or constitution. ORS305.501(4)(a) also provides the Magistrate Division with considerable leeway in the conduct of its proceedings. The question is, then, whether the legislature intended the grant of power in ORS 305.501 to impinge on the de novo standard of review in ORS 305.425.
6-8. When "[i]nterpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureauof Labor and Industries, 317 Or 606, 610, 859 P2d 1143
(1993). That requires examination of "both the text and context of the statute." Id. "If the legislature's intent is clear" from the text and context, "further inquiry is unnecessary." Id. at 611. In comparing the two statutes, the court is guided by the principle that "the legislature did not intend any portion of its enactments to be meaningless surplusage." State v. Stamper,197 Or App 413, 418, 106 P2d 172, rev den, 339 Or 230, 119 P3d 790
(2005); see also ORS 174.010.
9. In cases where the magistrate has dismissed an appeal in accordance with its established procedures, an entirely new proceeding in the Regular Division that ignored any procedural defects in the Magistrate Division would, in essence, render meaningless the requirement that, in most cases, matters first be heard in the Magistrate Division. See ORS305.501(1). A taxpayer could knowingly ignore those procedures, secure in the thought that a full proceeding on the merits would still be available in the Regular Division.[3] ORS 305.501(3), the statute requiring rules of procedure to be established in the Magistrate Division, would also be rendered meaningless. The court concludes, therefore, that reading the de novo
review standard in ORS 305.425 as absolute and not impinged on by the grant of authority in ORS 305.501(3) renders the latter statute "meaningless surplusage." Accordingly, that reading cannot be the correct reading.
10. In contrast, if ORS 305.501(3) is read as impinging on the "otherwise unrestrained scope of review" set out in ORS 305.425 to the extent of limiting that review to abuse of *Page 149 
discretion in cases that have been dismissed due to a procedural defect in the Magistrate Division, both statutes can be given effect. The Regular Division can conduct a de novo
review of the magistrate's decision, but confine that review to whether the magistrate abused the discretion that was granted pursuant to ORS 305.501. See Newton v. Clackamas CountyAssessor, 17 OTR 348, 350 (2004) (confining an otherwisede novo review to abuse of discretion).
11, 12. The court's conclusion is supported by an analogy to Tax Court Rule (TCR) 54, which provides for dismissal when a plaintiff fails to prosecute or fails to comply with a court rule or order. That rule is based on Oregon Rule of Civil Procedure (ORCP) 54, and the standard of review for dismissals under ORCP 54 is well established as abuse of discretion.See Johnson v. Eugene Emergency Physicians, P.C.,159 Or App 167, 170, 974 P2d 803 (1999) ("review of the court's ruling under ORCP 54 B is for abuse of discretion") (citingLambert v. American Dream Homes Corp., 148 Or App 371,375, 939 P2d 661 (1997)). Because the instant case was dismissed by the magistrate pursuant to the procedures of the Magistrate Division, the court will conduct a de novo
review of the magistrate's decision that is confined to the inquiry of whether the magistrate abused her discretion in so dismissing taxpayers' appeal.
B. Dismissal of taxpayers' case in the MagistrateDivision
 13. Taxpayers' appeal was dismissed for lack of prosecution. The Magistrate Division has no rule expressly addressing lack of prosecution; however, Tax Court Rule-Magistrate Division (TCR-MD) 20 states:
 "The court may enforce any decision, order, or judgment directing a party to perform a specific act by imposing sanctions on the party refusing or neglecting to comply. Sanctions may include those for contempt as authorized by statute."
Taxpayers were given several opportunities to comply with the magistrate's order to provide trial dates and were also given at least one extension of time. Taxpayers refused to do so. TCR-MD 20 allows sanctions for such behavior, up to and including contempt. The magistrate, in her discretion, chose *Page 150 
to sanction taxpayers by dismissing their case after specifically warning them that this sanction could result. That action was based on the authority provided by ORS 305.501 and TCR-MD 20 and was not inconsistent with any constitutional provision, statute, or rule.
14, 15. Freitag testified, and the record supports, that tax-payers refused to follow the magistrate's directives because the schedule set by the magistrate was inconsistent with that which taxpayers wanted. In short, because taxpayers perceived that the proceeding was not conducted on their terms, they argue that their refusal to comply with the magistrate's order was justified. The magistrate has been granted the authority to conduct proceedings "in any manner that will achieve substantial justice," ORS 305.501(4)(a), subject to its rules of practice and procedure. Implicit in that legislative grant of power is the notion that the magistrate governs the proceedings, not the litigant. That includes scheduling discovery, setting trial, and requiring the parties to submit information in a timely manner. Accordingly, the court concludes that the magistrate did not abuse her discretion in dismissing taxpayers' appeal for lack of prosecution.
Taxpayers also argue that they should have been designated as the prevailing party when the county failed to appear at the July 11 conference in this case, based on a similar experience they had in an different Magistrate Division proceeding when they failed to appear at a hearing. No evidence regarding the proceedings from the earlier case, other than limited testimony by Freitag, is before the court. It is unclear whether taxpayers were dismissed in that case for failure to appear at a hearing, as taxpayers assert, or for some other reason, such as lack of prosecution.
16, 17. Even if taxpayers had provided evidence of the precise context in which the dismissal in the earlier case occurred, it does not necessarily follow that a discretionary action taken by a magistrate in one case dictates the action that a different magistrate must take in another case. That is particularly the case where, as here, the action taken by the magistrate did not prejudice taxpayers. See TCR 12 B ("The court shall, in every stage of an action, disregard any error, defect, or omission in the * * * proceedings which does not *Page 151 
affect the substantial rights of the adverse party."). The purpose of the July 11 conference was to determine whether tax-payers would be allowed to pursue discovery. When the county did not appear, it lost its opportunity to argue against allowing discovery, and taxpayers prevailed at that stage of the proceedings when discovery was granted by the July 11, 2005, Journal Entry.[4] The court concludes, therefore, that it was not an abuse of discretion for the magistrate to allow the proceeding to go forward after the county failed to appear at the July 11 conference and had the issue of discovery, in general, resolved against it.
 V. CONCLUSION
For the foregoing reasons the court concludes that the magistrate did not abuse her discretion in dismissing tax-payers' appeal for lack of prosecution or by proceeding with taxpayers' case when the county failed to appear at a case management conference. Now, therefore,
IT IS THE DECISION OF THIS COURT that tax-payers' request for relief is denied.
Costs awarded to Defendant.
[1] Freitag v. Lincoln County Assessor, TC-MD 050183E (June 8, 2005).
[2] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[3] Taken to its ultimate conclusion, such a reading also renders meaningless the provision governing special designation to the Regular Division, also found in ORS305.501(1), because there would be no need to ask for special designation if the Magistrate Division proceeding could be so easily circumvented.
[4] There is no evidence in the record showing that taxpayers submitted any discovery requests. *Page 152