I. INTRODUCTION
This matter comes before the court on the Motion to Dismiss, and, in the Alternative, Motion to Make More Definite and Certain of Defendant Department of Revenue (the department).
 II. FACTS
Plaintiff (taxpayer) filed her appeal with the Regular Division on February 12, 2007. She did not pay the amounts that are alleged due by Defendant (the department), nor did she file a motion to stay payment and an affidavit of undue hardship on or before the filing of her Complaint. The department filed a Motion to Dismiss pursuant to Tax Court Rule *Page 320 
(TCR) 21 A(1) for lack of jurisdiction under ORS 305.419, which requires full payment of amounts of tax due in certain types of appeals. Taxpayer has not responded to the motion.
 III. ISSUE
Must taxpayer pay the withholding tax in full before filing an appeal in the Regular Division of the Tax Court?
 IV. ANALYSIS
1. The department argues that the court lacks subject matter jurisdiction over taxpayer's appeal because taxpayer was required to pay the withholding tax in dispute on or before filing her appeal. The department relies on ORS 305.419,[1]
which provides, in pertinent part, that:
 "[I]n any appeal from an order, act, omission or determination of the Department of Revenue involving a deficiency of taxes imposed upon or measured by net income, the tax assessed, and all penalties and interest due, shall be paid to the department on or before the filing of a complaint with the regular division of the Oregon Tax Court * * *."
The department also relies in part on prior decisions of the Tax Court.[2] Notwithstanding those decisions, none of which addresses the substantive issue here, the court, for the reasons set forth below, is of the opinion that withholding tax is not a tax imposed upon or measured by net income.
When "[i]nterpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor andIndustries, 317 Or 606, 610, 859 P2d 1143 (1993). The "text of the statutory provision itself is the best evidence of the legislature's intent." Id. Words are to "be given their plain, natural, and ordinary meaning." Id.
at 611.
2-4. Because the term "net income" is not defined by statute, the court turns to the dictionary. State v. Murray, *Page 321 
340 Or 599, 604, 136 P3d 10 (2006). The dictionary defines the term as "the balance of gross income remaining after deducting related costs and expenses." Webster's Third New Int'lDictionary 1520 (unabridged ed 2002). Accordingly, under ORS 305.419, the phrase "net income" necessarily encompasses the idea that something has been netted out of the income — typically deductions. Therefore, the disputed tax must be paid in full before appeal to the Regular Division only if it involves taxes measured by or imposed on income that has been subjected to deductions.
5. To determine whether withholding tax fits within that definition, the court must look to the statutes governing withholding tax, which are found in ORS chapter 316. ORS316.167(1) provides that:
 "Every employer at the time of the payment of wages to any employee shall deduct and retain from such wages an amount determined * * * either (a) by a "percentage method' withholding table or (b) by `wage bracket' withholding tables, prepared and furnished under the rules and regulations of the Department of Revenue."
ORS 316.172 governs the basis on which the tables are to be prepared:
 "(1) The Department of Revenue shall prepare a table for use with the percentage method that provides for the deduction and withholding of a tax equal to a specific percent * * * of the amount by which the wages for a given payroll period * * * exceed the number of withholding exemptions claimed, multiplied by the amount of one such exemption for each payroll period * * *. The determinations of the department shall result, so far as is practicable, in withholding from the employee a sum substantially equivalent to the amount of the tax that the employee will be required to pay under this chapter upon such wages * * *.
 "(2) The department shall prepare tables for use in computing withholding of tax by wage brackets. The wage brackets shall be graduated so that the amount withheld is, as far as practicable, substantially equivalent to the amount of the tax that the employee will be required to pay under this chapter upon such wages." *Page 322 
Accordingly, the amount to be withheld by the employer is based on the employee's estimated tax liability, not on the employee's net income.
6. Because withholding tax is figured with regard to income upon which no deductions have been netted, the court concludes that withholding tax is not a tax that is imposed upon or measured by net income, and, therefore, that taxpayer is not required to pay the tax in full before appealing to the Regular Division.
7. The court's conclusion is supported by the context of the statute, which PGE requires that the court consider.317 Or at 611. The context of a statute "includes other provisions of the same statute and other related statutes."Id.
8-13. Here, requiring taxpayer to pay the tax before proceeding produces a result inconsistent with the governing statutes. Namely, ORS 316.207 provides an enforcement, collection, and appeal procedure independent from that required for taxes on net income, a fact that indicates with-holding tax differs from income taxes. For example, when withholding tax is not paid by the employer, the department has the option of issuing a notice of liability — as opposed to a notice of deficiency — to any "officer, employee or member" of the employer, and that person may be personally liable for the tax. ORS316.207(3)(a). ORS 316.207 goes on to incorporate procedural provisions from the statutes that apply to taxes on net income. ORS 316.207(3)(b). That importation would be illogical if collection of amounts from employers was the collection of a net income tax. Finally, ORS 316.207(5)(a) states that "more than one officer or employee of a corporation may be held jointly and severally liable for payment of withheld taxes." Most importantly, if an appeal is taken to the Tax Court, and more than one individual was the subject of a joint determination of liability by the department, those individuals are required to be impleaded by the appealing taxpayer. ORS316.207(5)(d)(A). The court may then make a determination on joint and several liability, without regard to the department's conclusion, ORS 316.207(5)(d)(B), a procedure at odds with requiring all parties that have been impleaded, of which there could be many,[3] to pay the tax *Page 323 
before the Tax Court's determination of liability. If the pre-payment was required, the department would potentially have many times the amount due on deposit pending the outcome of the proceeding as to liability, a proceeding in which the liability itself is to be determined and in which not all impleaded parties may be eventually found liable.
As for the department's alternative motion, the court is of the opinion that the information sought by the department is currently in the possession of the department. Accordingly, the motion is denied; however, the court will schedule a case management conference to discuss the department's concerns with the complaint.
 V. CONCLUSION
ORS 305.419 does not require prepayment of with-holding taxes before filing an appeal in the Regular Division of the Oregon Tax Court. Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss, and, in the Alternative, to Make More Definite and Certain, is denied.
[1] All references to the Oregon Revised Statutes are to the 2005 edition.
[2] The department relies in particular on Martin v.Dept. of Rev., 9 OTR 100 (1981), in which the court, in holding that the taxpayer was a necessary party to the proceeding for purposes of ORS 305.447(1), noted that the case involved taxes on or measured by net income without any substantive discussion. Id. at 111 n 34. The department also relies on three unpublished orders of the court that also do not contain a discussion of the substantive issue.
[3] In this case, the department issued Notices of Liability to at least two individuals. *Page 324