I. INTRODUCTION
This matter is before the court on the Motion for Summary Judgment of Defendant Department of Revenue (the department) and the Response of Plaintiff (taxpayer).[1]
 II. FACTS
The facts in this case are not in dispute. The department determined that taxpayer was responsible for payment of withheld taxes under ORS 316.207 for the company JT and Associates in tax years 1998 and 1999 and for the company Sayreh and Associates in tax years 2001-04. The department issued a Notice of Liability to taxpayer for JT and Associates on December 17, 2002 (the JT notice), and for Sayreh and Associates on December 12, 2005 (the Sayreh notice).
Taxpayer filed a complaint in the Magistrate Division on May 9, 2006, appealing the JT notice for tax years 1998 and 1999. He then filed an amended complaint on May 23, 2006, that appealed the Sayreh notice for tax years 2002-04, but did not include the earlier JT notice for 1998 and 1999.
The magistrate did not address the 1998 or 1999 tax years because they were omitted from the amended complaint. The magistrate then concluded that taxpayer had not timely appealed the 2002-04 tax years and issued a decision of dismissal on December 6, 2006. Taxpayer appealed that decision to the Regular Division on February 12, 2007.
Taxpayer's complaint in the Regular Division, as deemed amended by order of the court dated November 6, 2007, appeals the JT notice, which included the first and second quarters of 1998 and 1999, and the Sayreh notice, which included the following quarters: *Page 402 
 Tax Year Quarters
 2001 3 and 4
 2002 4
 2003 1 and 4
 2004 1, 2, and 3
 III. ISSUES
Was taxpayer's complaint in the Magistrate Division properly dismissed for failure to timely appeal the Notices of Liability?
 IV. ANALYSIS
1. The court reviews cases that are dismissed in the Magistrate Division due to a procedural defect for abuse of discretion.Norpac Foods, Inc. v. Dept. of Rev., 15 OTR 331, 333
(2001). Accordingly, the court will only determine whether the magistrate's dismissal of the case for failure to timely appeal the notices issued by the department was proper.
2. The court notes that taxpayer did not include the quarters from the JT notice on his amended complaint in the Magistrate Division. As a result, the JT notice and the associated quarters were not before, and not considered by, the magistrate.
Although proceedings in the Regular Division are denovo, ORS 305.425, [2] matters must generally first be heard in the Magistrate Division. ORS 305.501. Accordingly, the court cannot consider those quarters that were not before the magistrate, here, those included in the JT notice. The court will, therefore, focus only on the quarters included in the Sayreh notice. Were the court to consider those quarters included in the JT notice, however, the court's analysis and conclusion would be the same as that of the Sayreh notice. *Page 403 
ORS 316.207(3) provides as follows:
 "(a) In the case of an employer that is assessed pursuant to the provisions of ORS 305.265(12) and 314.407(1), the department may issue a notice of liability to any officer, employee or member described in ORS 316.162(3 )(b) of such employer within three years from the time of assessment. Within 30 days from the date the notice of liability is mailed to the officer, employee or member, such officer, employee or member shall pay the assessment, plus penalties and interest, or advise the department in writing of objections to the liability and, if desired, request a conference. Any conference shall be governed by the provisions of ORS 305.265 pertaining to a conference requested from a notice of deficiency.
 "(b) After a conference or, if no conference is requested, a determination of the issues considering the written objections, the department shall mail the officer, employee or member a conference letter affirming, canceling or adjusting the notice of liability. Within 90 days from the date the conference letter is mailed to the officer, employee or member, such officer, employee or member shall pay the assessment, plus penalties and interest, or appeal to the tax court in the manner provided for an appeal from a notice of assessment.
 "(c) If neither payment nor written objection to the notice of liability is received by the department within 30 days after the notice of liability has been mailed, the notice of liability becomes final. In such event, the officer, employee or member may appeal the notice of liability to the tax court within 90 days after it became final in the manner provided for an appeal from a notice of assessment."
Here, taxpayer did not request a conference; therefore, the Sayreh notice, issued December 12, 2005, became final on January 11, 2006. Taxpayer then had 90 days from that date, or until April 11, 2006, to appeal to the Magistrate Division of the Tax Court. Taxpayer's appeal was filed May 9, 2006, well beyond the statutory deadline.
3. Taxpayer argues that the department's notices themselves were untimely issued, and, therefore, the statutory timelines should be relaxed. Even assuming the department did not initially act in timely fashion, its action was *Page 404 
voidable but not void. The legislature offers aggrieved taxpayers an opportunity to seek a remedy in court for such a voidable action on the part of the department, but taxpayers must pursue that opportunity within statutorily prescribed timelines. Cullison v. Dept. of Rev., 17 OTR 315, 317
(2004). Failure to do so causes a potentially voidable action of the department to become final.
 V. CONCLUSION
The magistrate did not abuse his discretion in dismissing taxpayer's complaint for failing to timely appeal the notices issued by the department. Now, therefore,
IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.
[1] An earlier order was issued in this case on the issue of whether the disputed withholding tax must be paid before appeal to the Regular Division pursuant to ORS 305.419. Zamani v.Dept. of Rev., 19 OTR 318 (2007).
[2] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition. *Page 405