AMENDED ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS'CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
This matter is before the court on cross-motions for summary judgment regarding a preliminary question as to the appropriate scope of review for the court to apply in an appeal where, as in this case, Defendant Department of Revenue raises a defense that Plaintiffs' case was properly dismissed by the Magistrate Division for failure to prosecute the case.
As a preliminary matter, this court has held that such a defense is properly raised. A party cannot fail to properly avail itself of the proceedings in the Magistrate Division and, in the face of a dismissal, appeal to the Regular Division and have its procedural failings in the Magistrate Division ignored, at least if the failing is raised as a defense or affirmative defense by *Page 2 
the other party. Freitag v. Department of Revenue,19 OTR 144, 148 (2006); Norpac Foods, Inc. v. Department ofRevenue, 15 OTR 331, 332-33 (2001). To allow such actions would be to ignore the statutory requirement that, subject only to limited exceptions, an appeal to the Tax Court shall be heard by a Tax Court magistrate.
There is some confusion in the decisions of the court, however, as to what scope of review should be applied in the Regular Division as to any such alleged procedural failing of a party in the Magistrate Division. Norpac suggests that the review is not limited to an abuse of discretion standard. See Norpac, 15 OTR at 333. On the other hand, Freitag can be read as suggesting, if not holding, that the scope of review is for abuse of discretion. SeeFreitag, 19 OTR at 148-49.
The court has reviewed its prior cases and the reasoning of those cases. Based on that review, the court is of the opinion that the proper approach is for the decision in such cases to be limited, at least in the first instance, to the question of whether there was a procedural failing by a party that is dispositive.[1]
As the court in Norpac observed, the legislature has limited the scope of review of the Tax Court in certain instances where another agency is vested with discretionary authority to make a decision. See Norpac, 15 OTR at 333. The legislature has by statute authorized the court to promulgate rules of practice and procedure for the Magistrate Division. ORS 305.501(3) (2009). It has not, however, stated any special standard of review by the judge of the Tax Court for asserted violations of those rules or other procedural failings, such as violations of the statute of limitations, applicable to actions brought in the Magistrate Division. *Page 3 
The parties should have the opportunity to make a record in the Regular Division as to the facts relevant to the alleged prior procedural failing.[2] The review of the judge of the Regular Division should be de novo on that question and not whether the action of the magistrate constituted an abuse of discretion.
After reviewing the cross-motions and being fully advised of the premises, the court finds that such request should be granted. Now, therefore,
IT IS ORDERED that Defendant's Motion for Summary Judgment is denied; and
IT IS FURTHER ORDERED that Plaintiffs' Cross-Motion for Partial Summary Judgment is granted.
Dated this ___ day of April, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON APRIL 20, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] If the prior procedural actions or omissions of a party are not dispositive, the consideration of the case would move on to any procedural issues in the Regular Division and the merits of the case.
[2] The scope of the record to be made by stipulation or by hearing will be facts that existed up to the time of the decision of the magistrate in the matter. That scope is not limited to the facts actually known to the magistrate.