ORDER DENYING DEFENDANT'S MOTION TO REQUIRE PAYMENT OF TAX UNDER ORS 305.419
This matter is before the court on the motion of Defendant (department) to require that Plaintiffs (taxpayer) pay the tax at issue as required by ORS 305.419 before proceeding to a hearing on this case.[1]
This case was specially designated to the Regular Division. At issue in the case is an amount of tax computed under ORS 317.090 — that is a "minimum tax." The amount that the department claims must be paid is computed under the statute solely by reference to or on the basis of the gross receipts of the taxpayer for the period at issue.[2]
ORS 305.419 requires that tax be paid before proceeding in the Regular Division in cases where the tax in question is "upon or measured by net income." This court has concluded that the requirement of ORS 305.419 only applies in cases where the tax in question is one on income *Page 2 
net of allowable deductions. Zamani v. Dept. of Rev.,19 OTR 318 (2007). Zamani was a case of potential liability of an officer of an employer for tax withholding obligations of the employer. This court held that ORS 305.419 does not apply in such cases as the obligation is not one "upon or measured by net income."
The department argues that Zamani does not apply here because it arose under ORS chapter 316 and this case arises under ORS chapter 317. The department also pointed out at the hearing on this matter that Zamani involved a party other than the one upon whom the primary obligation to pay tax applied whereas this case involves only the party that has primary liability. The department argues that if Zamani cannot be distinguished, it should be overruled. The department also argues that the reference to "upon or measured by net income" is actually a reference to any tax imposed under ORS chapters 316, 317 or 318. Finally, the department makes a number of arguments based on what it claims are contextual indicators supporting its reading of ORS 305.419.
The court does not find the attempts of the department to distinguish Zamani to be persuasive. The court declines to accept the invitation of the department to overrule Zamani. The department's argument about the language of ORS 305.419 actually being a reference to any of chapters 316, 317 or 318 cannot survive the fact that on several occasions the legislature explicitly refers to such chapters and does not use any form of indirection.[3]
Finally, the arguments of the department as to statutory construction are strained and do not suffice to cause the court to read "upon or measured by net income," to encompass liability calculations based on and measured by sales or gross receipts. *Page 3 
The motion of the department is denied. The case will proceed in accordance with schedules set at prior case management hearings. Now, therefore,
IT IS ORDERED that Defendant's Motion to Require Payment of Tax Under
ORS 305.419 is denied.
Dated this ___ day of June, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON JUNE 28, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] The reference in ORS 317.090 to sales converts into a reference to gross receipts given the definitional provisions of ORS 314.610(7).
[3] See e.g., ORS 314.430 or ORS 305.280(3), in each of which references to the triplet of chapters 316, 317 and 318 could have been, but were not, to taxes on or measured by net income. *Page 1