IN THE OREGON TAX COURT
REGULAR DIVISION

DEPARTMENT OF REVENUE,
*and*

MULTNOMAH COUNTY ASSESSOR,
*and*

LANE COUNTY ASSESSOR,
*Plaintiffs,*

*v.*

GUARDIAN MANAGEMENT CORPORATION,
and Washington Plaza Oregon Limited;
Guardian Management Corporation,
and Sambelt Development, and Investment Corporation;
Guardian Management Corporation,
and Beta Investment and Development Corporation;
Twelve Hundred Building Limited;
Junction City Residential Center - Two - Two Limited
Partnership;
*and*

ROSE HOUSING INC.,
Dale C. De Harpport, and Ronald D. Traver,
*Defendants.*

(TC 4495)

Marilyn J. Harbur and Douglas M. Adair, Assistant Attorneys General, Department of Justice, Salem, argued the cause for Plaintiffs (the department) and on behalf of Multnomah and Lane counties.

W. Scott Phinney, Portland, argued the cause for Defendants (taxpayers).

Decision rendered February 4, 2002.

## HENRY C. BREITHAUPT, Judge.

This matter is before the court on Defendants' (taxpayers) Motion for Remand and Request for Oral Argument. Plaintiffs Department of Revenue (the department), Multnomah County, and Lane County (the counties) filed Plaintiffs' Response to Defendants' Motion for Remand. A hearing on the motion was held December 4, 2001.

### BACKGROUND

Six taxpayers filed petitions under ORS 306.115,[1] requesting that the department exercise its supervisory authority to correct the tax rolls for specified properties in various counties for certain tax years. In accordance with its regulations, the department held hearings in May 1998 to determine the extent of its authority to review the appeals. In each of the six cases, the department determined that it either did not have the statutory authority to review or that it would not review the appeals because the issues raised were neither "of interest" to the department, nor did they involve agreements to facts that indicated a likely error existed on the roll. *See* OAR 150-306.115(3)(b)(A) (1997).

Following the department's decisions not to review, taxpayers filed Complaints with the Magistrate Division of this court. Under normal circumstances, the court limits its role to reviewing the record made before the department to determine if there was an abuse of discretion. *Martin Bros. v. Tax Commission*, 252 Or 331, 449 P2d 430 (1969); *Resolution*

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1997.

*Trust Corp. v. Dept. of Rev.*, 13 OTR 276 (1995). That was not possible in this case, as the record of the hearing before the department was lost or destroyed. The Magistrate Division held a trial to establish what had occurred at the proceedings before the department.

Although trials before the Magistrate Division are not generally recorded, the department requested a court reporter to record the trial and was allowed to do so. During the trial, objections were made and ruled upon. Based on the record before the court, the magistrate decided that in five of the six cases involved, the department should have exercised supervisory authority and remanded the cases to the department to hold hearings on the merits. As to the sixth case, the magistrate could not discern from the record what standard the department had applied in denying the appeal and remanded the matter to the department to reconsider the appeal.

The department and counties appealed to the Regular Division. In a letter to the court, the department indicated that it would not be able to accept the record created in the Magistrate Division for purposes of adjudication in the Regular Division and stated its desire to create a new record in the Regular Division. Taxpayers responded by letter, expressing concern about the position taken by the department and objecting to another recreation of the record.

A case management conference was held,[2] after which this court confirmed what it understood to be the agreement of the parties that "this matter would be reviewed de novo on the record created in the Magistrate Division." The parties proceeded with motions for summary judgment and related memoranda.

Those written arguments raised a concern with the court regarding the prior understandings of the parties and the court and the right of litigants to a *de novo* proceeding. This court therefore requested that the parties confirm acceptance of the record made before the Magistrate Division as the record to be considered by the Regular Division. The parties' responses revealed a dispute regarding how the

---

[2] Judge Carl N. Byers presided.

material recorded from the Magistrate Division proceedings would be used as a record for the proceedings in the Regular Division. Taxpayers advanced the view that they agreed to the use of that record, subject only to the court's review of evidentiary rulings made during the Magistrate Division proceeding. The department and counties took the position that although they might have agreed to the use of a transcript from the Magistrate Division proceeding, their right to a *de novo* proceeding in the Regular Division would be impaired unless they were permitted to make fresh objections to matters contained in the record, in addition to any objections made to the magistrate. In the hearing on that issue, taxpayers asserted that any waiver by them of a right to a *de novo* proceeding in the Regular Division was conditioned on the department and counties being denied the right to raise fresh objections.

## ANALYSIS

ORS 305.425(1) provides, that "[a]ll proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and de novo." It seems clear that parties may agree to waive the right to a *de novo* proceeding and continue with a transcript or stipulation made in the Magistrate Division. However, the mandate of the statute is such that no party can be compelled to accept any record created in the Magistrate Division.

Here, the parties have failed to reach agreement on the use of the record created in the Magistrate Division. Their disagreement relates to the extent of objections that would be permitted in the Regular Division proceeding to matters raised in the Magistrate Division proceeding.

That being the case, it appears the court has two options. First, it can once again conduct a trial for the purpose of determining what occurred at the 1998 department proceeding. Case law clearly indicates that record-making in the Regular Division is limited to that purpose. *See, e.g., Resolution Trust*, 13 OTR at 279-80. Second, the court can remand this matter to the department for the purpose of holding a hearing on the requests by taxpayers for the department to exercise its supervisory authority.

■     Under either alternative, one more fact-finding proceeding will be necessary. Under the first alternative, the fact-finding proceeding occurs in this court and has as its goal the recreation of what occurred before the department some years ago. Under the second alternative, the department, the agency primarily charged with the initial decision in matters of this type, can consider the matter, creating whatever record it considers appropriate in connection with and supporting its discretionary decision-making.

Remembering that, in either case, one more fact-finding proceeding must be held, the court is of the opinion that sound principles of administrative law indicate the matter should be remanded to the department.[3] The agency charged with administration of the property tax system in the first instance should compile a record and exercise discretionary decision-making relating its decision to the record before it. This court can then perform its limited review function.

The department is directed to proceed with hearings on this matter, the purpose of which should be creation of a record on the basis of which, and by reference to which, it can exercise its discretionary authority under ORS 306.115. The department should not limit itself to an attempt to recreate what occurred in 1998. However, in connection with application of the "of interest" standard under OAR 150-306.115(3)(b)(A), the department may, if it chooses to do so, limit its consideration to what was "of interest" to it as of the time of the initial hearings before it in this matter.

■     During the hearing on this issue, counsel for the department raised some concern about the ability of the department to require county officials or employees to fully participate in any hearings. The department has substantial powers to compel participation by private parties in the process of discharging its duties under the property tax system.

---

[3] The court acknowledges that ORS chapter 183, Oregon's administrative procedure act, is not applicable to the department in most cases. Even so, the court has no doubt that the general principles of administrative law should guide its decision in this matter, especially considering the role that the legislature has given to the department and the limited scope of review and function that it has allocated to this court.

*See, e.g., Dept. of Rev. v. Universal Foods Corp.*, 318 Or 78, 862 P2d 1288 (1993). It also has, under the very statute involved in this case, the power to "do any act or give any order **to any public officer or employee** that the department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States." ORS 306.115(1) (emphasis added). Now, therefore,

IT IS ORDERED that Defendants' motion for remand is granted; and

IT IS FURTHER ORDERED that this matter is remanded to the Department of Revenue for proceedings consistent with this order.