396 July 20, 2017 No. 40

## IN THE OREGON TAX COURT
## REGULAR DIVISION

James WORK,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5286)

Plaintiff (taxpayer) filed a complaint appealing a Magistrate Division decision as to property tax. Taxpayer challenged the real market value (RMV) and maximum assessed value (MAV) for each tax year from 2002-03 through 2012-13. He then amended his complaint to include tax years 2013-14 through 2015-16. While in the Magistrate Division, taxpayer and the county assessor entered into a stipulation to resolve the case and presented it to the magistrate. The stipulation reduced various roll values of taxpayer's property for tax years 2010-11 through 2015-16, and dismissed other tax years. Taxpayer later appealed to the Regular Division, apparently because the Magistrate Division decision only addressed tax years 2014-15 and 2015-16. The department moved to dismiss, arguing that the Tax Court was not required to honor in the Regular Division a stipulation made in the Magistrate Division. The department further argued that the Tax Court could not adjust the RMV or the MAV in any year because either the period was not open to adjustment, or the fact that an error went unchallenged in a prior year meant the current year MAV could not be challenged. Granting the department's motion to dismiss, the court ruled that as the department was not a party to the Magistrate Division stipulation, and the stipulation was not renewed before the Regular Division, it could not be enforced. Further, taxpayer's Regular Division complaint had failed to state ultimate facts sufficient to constitute a claim as to any values for any of the tax years. However, as to the department's request that the assessment values, which were changed by the decision of the magistrate, remain at their current roll values, the court ruled that any party aggrieved by a magistrate's decision and seeking affirmative relief must first file a complaint in the Regular Division, otherwise, the magistrate's decision becomes final and a judgment is entered giving effect to that decision.

Oral argument on Defendant's Motion to Dismiss was held March 7, 2017, in the courtroom of the Oregon Tax Court, Salem.

James Work, Plaintiff (taxpayer), filed a response and argued the cause *pro se*.

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision rendered for Defendant on July 20, 2017.

## HENRY C. BREITHAUPT, Judge.

### I.   INTRODUCTION

This case is before the court following oral argument on the motion of Defendant Department of Revenue (the department) to dismiss the complaint filed by Plaintiff (taxpayer) under Tax Court Rule (TCR) 21 A(8) for failure to "state a claim for relief over which the court has jurisdiction." The motion was filed prior to any answer and the department has not filed a complaint in this division requesting any affirmative relief.

The resolution of this case requires the consideration of matters discussed by this court in *Village at Main Street Phase II, LLC II v. Dept. of Rev.*, (*Village at Main Street*) 22 OTR 52 (2015), *vacated on other grounds*, 360 Or 738, 387 P3d 374 (2016). Those matters, which were addressed by this court but not by the Supreme Court,[1] concern the necessity of a party seeking affirmative relief in this court to file its own complaint. In this case, the question is not whether "counterclaims" must be included in a complaint, but whether affirmative relief may be obtained in this court on the basis of dismissal. However, the analysis touches on many of the same statutes.

With respect to the department's motion in this case, it appears that the department has conflated two bases for dismissal. TCR 21 A(8) provides for dismissal where a plaintiff has failed to "state ultimate facts sufficient to constitute a claim." It is TCR 21 A(1) that provides for dismissal where there is a "lack of jurisdiction over the subject matter." The court will address both bases.

### II.   FACTS AND PROCEDURAL HISTORY

In considering a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, the court's review is limited to "the facts alleged in the complaint,

---

[1] The Supreme Court expressly avoided addressing these matters when it vacated this court's decision. *See* 360 Or at 745 n 4. Accordingly, the issue of whether a party seeking affirmative relief must file a complaint in the Regular Division within 60 days under ORS 305.501(5)(a) is still open.

accepting those facts as true." *Douglas County v. Smith*, 18 OTR 450, 453 (2006). In considering a motion to dismiss for lack of jurisdiction over the subject matter, the court may consider "'matters outside the pleading, including affidavits, declarations and other evidence.'" *Id.* (quoting TCR 21 A). No relevant evidence outside of taxpayer's complaint has been introduced in this case.[2]

This case stems from an alleged property classification error made in 1996 by the county assessor in which the property was listed on the roll as a "6" instead of a "5," which affected the real market value (RMV) of the subject property in that year and the ensuing tax years until it was corrected, apparently for tax year 2013-14. Taxpayer pleaded that this error affected the tax liability of his property in that tax year and each ensuing tax year.[3]

Taxpayer purchased the property in 2001. There is no allegation that taxpayer or the prior owner had, until the events of this case, appealed any property tax assessment for any year to the Board of Property Tax Appeals (BOPTA) or sought supervisory relief from the department.

In his initial complaint filed with the Magistrate Division on May 2, 2016, taxpayer challenged the RMV and maximum assessed value (MAV) for each tax year from 2002-03 through 2012-13. He then amended his complaint to include tax years 2013-14 through 2015-16.

While in the Magistrate Division, taxpayer and the county assessor entered into a stipulation to resolve the case

---

[2] The department attached to its motion to dismiss a copy of the Magistrate Division docket in this case. Even if such a document were to be considered additional evidence outside the complaint, such evidence is not essential to this court's decision. Separately, this court has reviewed the decision of the magistrate, which decision was not included with taxpayer's complaint. However, that decision is a matter of court record and in any event was required to be filed with taxpayer's complaint. TCR 1 B(1) (stating, in part, "A copy of the magistrate's written decision is to be included with the complaint[.]").

[3] Unlike in *Kaufman v. Dept. of Rev.*, 20 OTR 159 (2010), taxpayer has not specified an error in a year that manifestly would have affected the maximum assessed value (MAV) in that particular year. Regardless, taxpayer has alleged that the MAV for the years at issue in this case are in error. Exactly when the MAV was affected by the property classification error is not relevant to this decision.

and presented it to the magistrate. The stipulation reduced various roll values of taxpayer's property for tax years 2010-11 through 2015-16.[4] The stipulation called for the following adjustments:

| TAX YEAR | RMV | MAV | AV |
|---|---|---|---|
| 2010-11 | Reduced to $434,520 | Reduced to $453,340 | Reduced to $434,520 |
| 2011-12 | Reduced to $422,060 | Reduced to $453,340 | Reduced to $422,060 |
| 2012-13 | Reduced to $397,520 | Reduced to $453,340 | Reduced to $397,520 |
| 2013-14 | No Adjustment $421,360 | Reduced to $453,340 | No Adjustment (based on RMV) |
| 2014-15 | No Adjustment $464,300 | Reduced to $453,340 | Reduced to $453,340 |
| 2015-16 | No Adjustment $502,860 | Reduced to $466,940 | Reduced to $466,940 |

Upon review of the stipulation, the magistrate determined that the court lacked jurisdiction to adjust either the RMV, MAV, or assessed value (AV) for tax years 2010-11 through 2012-13. It accordingly dismissed those claims.[5] The magistrate further determined that as to tax year 2013-14, taxpayer would not be aggrieved as to any adjustment to MAV, because the MAV would still be higher than the RMV. Accordingly, the AV, the value on which property taxes are actually calculated, which is based on the lower of either the RMV or the MAV, would not change. The magistrate did, however, find good and sufficient cause under ORS 305.288(3) to address tax years 2014-15 and

---

[4] The department did not participate in the proceedings in the Magistrate Division, although it had a statutory right to intervene at any time. ORS 305.560(4)(a).

[5] The court also dismissed taxpayer's claims in the Magistrate Division as to tax years 2002-03 through 2009-10. However, taxpayer has not appealed those years to this court.

2015-16.[6,7,8] The magistrate's decision gave effect to the stipulation for those years.

Dissatisfied with the magistrate's decision because it only addressed tax years 2014-15 and 2015-16, taxpayer filed a complaint in the Regular Division. Taxpayer's complaint could be read as requesting that the *stipulation itself*, although entered into in the Magistrate Division, be enforced in its entirety in the Regular Division. It could also be read as requesting that the *assessment values* for tax years 2010-11 through 2015-16 be adjusted to reflect values identical to those appearing in the stipulation. These allegations will be addressed in the analysis section of this order.

The department moved to dismiss taxpayer's complaint under both readings. First, the department argued that this court is not required to honor in the Regular Division a stipulation made in the Magistrate Division. Second, the department argued that this court cannot adjust the RMV or the MAV in any year because either (1) the period is not open to adjustment; or (2) the fact that an error went unchallenged in a prior year means the current year MAV cannot be challenged on that basis.

The court heard oral argument on the department's motion on March 7, 2017. During oral argument, taxpayer clarified that he sought changes to the assessment values for the respective tax years reflective of the agreement entered into between the assessor and himself. However, taxpayer also stated that he "[doesn't] believe [he] would want [the RMV] changed in 2013, 2014, or 2015 because that's the way it is reflected in the stipulation." (Statement of James Work, Oral Argument, Mar 7, 2017, at 13:32.) As illustrated in the previous table, the stipulation did not address or change the RMV as to tax years 2013-14 through 2015-16, but it

---

[6] Apparently, taxpayer had previously informed the county of the classification error, and received incorrect information regarding his ability to correct the error. The county asked the magistrate to consider this conduct when reviewing the stipulation.

[7] There was no change to RMV requested.

[8] Unless otherwise stated, references to the Oregon Revised Statutes (ORS) are to the 2015 edition. The relevant statutes have not materially changed from prior years.

did address changes to the MAV for those years. Taxpayer's only basis for the change to the MAV in those years was the 1996 classification error.

During oral argument, a question arose as to the effect that a dismissal would have on the values on the roll—specifically, whether, if taxpayer's case was dismissed, the roll values would be changed in accordance with the magistrate's decision, or not. The court requested additional briefing on the effect of dismissal of taxpayer's complaint.

On this question, the department asserted that the values on the roll should remain what they were prior to the taxpayer filing his complaint in the Magistrate Division. The department argued that neither division of the court has jurisdiction to change the MAV in a current year based on an unchallenged error from 1996. Accordingly, and because the court only issues one judgment, the department contends that dismissal in the Regular Division of taxpayer's complaint would have the effect of voiding the magistrate's decision, thereafter leaving the roll values as they were prior to the appeal by taxpayer to the Magistrate Division. In dismissing the entire appeal, the department claimed that the original actions of the county assessor—the original roll values—would be given effect.[9] The department, however, did not file a complaint in the Regular Division to appeal the magistrate's decision—only taxpayer did so.

### III.  ISSUES

There are three issues in this case. The first issue is whether either division of this court has or had subject matter jurisdiction over taxpayer's claims. The second issue is whether taxpayer stated ultimate facts sufficient to constitute a claim for relief in this division. The third and final issue is whether the dismissal of taxpayer's complaint in the Regular Division would leave the decision of the magistrate in effect or void that decision, leaving the roll values as originally set by the county assessor.

---

[9] Taxpayer filed a response, but failed to materially address the issue identified by the court. Taxpayer did, however, question the department's assertion of lack of subject matter jurisdiction.

## IV.   ANALYSIS

As already discussed, the department appears to have conflated two separate bases for dismissal of taxpayer's complaint. One basis is lack of subject matter jurisdiction.[10] *See* TCR 21 A(1). The other basis is failure to state a claim. *See* TCR 21 A(8). This court will address each one in turn before determining the effect of any dismissal.

### A.   *Dismissal for Lack of Subject Matter Jurisdiction*

The Tax Court, except as otherwise specifically provided by statute, is the "sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state." ORS 305.410. A claim arises under the tax laws of this state if it "has some bearing on tax liability." *Sanok v. Grimes*, 294 Or 684, 701, 662 P2d 693 (1983); *see also Perkins v. Dept. of Rev.*, 22 OTR 370 (2017); *Christensen v. Dept. of Rev.*, 22 OTR 384 (2017).

Taxpayer's claims in both divisions requested the reduction of both the RMV and the MAV of the subject property, resulting in a reduction to the AV and the associated tax burden.[11] Such claims arise under the tax laws of this state. ORS 305.410. The department has introduced no authority that states this court—either division—does not have subject matter jurisdiction over claims regarding the determination of the AV of a property for property tax purposes. Nor is this court aware of any relevant to this case.[12]

---

[10] There is no question of personal jurisdiction in this case.

[11] There is a question as to whether taxpayer has standing to challenge the MAV as to tax year 2013-14 because taxpayer has not alleged a change to the AV for that tax year. Accordingly, taxpayer has not requested a change resulting in the reduction of the amount of tax due. However, given the scope of the claims of taxpayer as to other years, taxpayer *might* have standing to change the MAV in tax year 2013-14 if there was a corresponding change in any or all of tax years 2010-11 through 2012-13, or in relation to the lookback period, explained later, of ORS 305.288. That said, even if taxpayer does not have standing to challenge the MAV as to tax year 2013-14, such lack of standing would not change the result in this decision. This is so because there was no change ordered by the magistrate as to tax year 2013-14, and so there is no question as to what value the MAV for tax year 2013-14 will appear on the assessment roll.

[12] But, of course, the existence of subject matter jurisdiction does not mean that the basis for relief exists.

The department relies upon various statutes, such as ORS 305.288, to argue that taxpayer cannot achieve the relief he seeks, and from that concludes that this court has no jurisdiction. Those statutes, however, concern only whether certain relief is available. Those statutes may dictate the relief available in a given situation, but it does not limit or define the scope of this court's jurisdiction provided for in ORS 305.410. Stated, differently, courts can and do err in the interpretation and application of law—that does not mean courts act without jurisdiction in all such cases.

Both divisions of this court have subject matter jurisdiction over taxpayer's claims in his complaint. To the extent that the department moved to dismiss taxpayer's claims in his complaint for lack of subject matter jurisdiction, the motion is denied.

B.   *Dismissal for Failure to State a Claim*

The department also moved to dismiss taxpayer's complaint for failure to state ultimate facts sufficient to constitute a claim for relief. As previously discussed, taxpayer's complaint can be interpreted one of two ways, either (a) requesting enforcement of the stipulation in the Magistrate Division or (b) requesting assessment values identical to the stipulation in the Magistrate Division. The department moved against taxpayer's complaint on both interpretations.

As to enforcement of the stipulation entered into in the Magistrate Division, the department's motion is well taken. The department was not a party to the stipulation, and the stipulation was not renewed before this court. *See Dept. of Rev. v. Guardian Management Corp.*, 16 OTR 17, 20 (2002) (stating "no party can be compelled to accept any record created in the Magistrate Division"). To the extent that taxpayer requests enforcement of the Magistrate Division stipulation in this court, that claim is dismissed.[13]

As to requesting assessment values identical to the stipulation in the Magistrate Division, the claims made by

---

[13]  The court cautions that the proceedings in the Magistrate Division are not always irrelevant. This court has issued many statements on the scope and limits of *de novo* review in this court. *See Spears v. Dept. of Rev.*, 20 OTR 229 (2010); *Freitag v. Dept. of Rev.*, 19 OTR 144 (2006); *Norpac Foods, Inc. v. Dept. of Rev.*, 15 OTR 331 (2001).

taxpayer relate to the RMV of the property for tax years 2010-11 through 2012-13 and the MAV for tax years 2010-11 through 2015-16. Generally, the county assessor makes the initial determination of RMV. *Richardson v. Dept. of Rev.*, 22 OTR 207, 208 (2016). The MAV is, absent any constitutional exception, determined pursuant to a statutorily provided calculation. ORS 308.146(1); *see Comcast Corp. III v. Dept. of Rev.*, 22 OTR 233, 235 (2016). A change or correction of either RMV or MAV may be obtained in this court.

However, for the reasons discussed below, taxpayer in his complaint in this division has failed to state ultimate facts sufficient to constitute a claim as to either value for any of these years. No such motion was made before the magistrate regarding taxpayer's complaint in that division.[14]

1.  *Tax Year 2010-11*

For tax year 2010-11, taxpayer seeks adjustment of both the RMV and MAV of the property. There are at least four routes to obtain relief of RMV or MAV determinations in this court.[15] None of these routes is of assistance to taxpayer for this tax year. The court will discuss these in some detail here as the analysis is relevant to other tax years.

First, a taxpayer may appeal a county assessment to the BOPTA. Property tax assessments are mailed on or before October 25 of each year. ORS 311.250. Taxpayers may—no later than December 31 of the same year—petition for review of an assessment to the BOPTA. ORS 309.100. An unsatisfactory BOPTA decision may then be appealed to the Magistrate Division of this court. ORS 305.275(1)(a)(3). Taxpayer has not alleged that he petitioned for review before the BOPTA for tax year 2010-11. Nor, considering the fact that taxpayer filed his complaint in the Magistrate Division on May 2, 2016, does it appear that he could have. This route to relief is foreclosed as to tax year 2010-11.

---

[14] Nor was there a motion to dismiss on the basis of subject matter jurisdiction. However, the magistrate dismissed several years on that basis. To the extent that the magistrate determined there was a lack of subject matter jurisdiction he was, as has been discussed, incorrect.

[15] Taxpayer has not identified any additional routes to relief relevant to this case.

Second, a taxpayer may request the department to exercise its supervisory authority over assessors, which includes correcting valuation errors. ORS 306.115(1). The department may order a change "for the current tax year and for either of the two tax years immediately preceding the current tax year." ORS 306.115(3). The current tax year is "the tax year *in which* the need for the change or correction is brought to the attention of the department." ORS 306.115(5) (emphasis added). Such an order is discretionary, but may be reviewed by this court. ORS 306.115(3); ORS 305.275. Taxpayer, however, did not seek supervisory relief from the department for tax year 2010-11.[16] This route to relief is foreclosed as to tax year 2010-11.

Third, a taxpayer may request a correction from this court under ORS 305.288(1). That statute directs this court to order changes or corrections to RMV for the current tax year and the two immediately preceding years where the property is a dwelling and the RMV assessment differential is equal to or greater than twenty percent. ORS 305.288(1); *Richardson*, 22 OTR at 209. The current tax year has the same meaning as used in ORS 306.115, meaning the current tax year is defined by the year *in which* the request is made. ORS 305.288(5)(a). In this case, when taxpayer filed his complaint in the Magistrate Division, the current tax year was tax year 2015-16, and therefore the lookback provisions of ORS 305.288(1) only reach back to tax years 2013-14 and 2014-15. Accordingly, this route to relief is foreclosed as to tax year 2010-11.

Fourth, and finally, the court may order a change or correction to the current tax year and the two immediately preceding tax years under ORS 305.288(3) if the taxpayer has no statutory right of appeal remaining and the court determines that good and sufficient cause exists for the taxpayer's failure to pursue the statutory right of appeal. As with subsection (1) of ORS 305.288, the current tax year is defined by the year *in which* the request is made to this court. In this case, that year is tax year 2015-16, and

---

[16] Nor could he. The current tax year at the time taxpayer filed his complaint in the Magistrate Division was tax year 2015-16, and therefore the department's supervisory authority would have only extended back to tax year 2013-14.

accordingly the court may only reach back as far back as tax year 2013-14. Accordingly, this route to relief is foreclosed as to tax year 2010-11.

Taxpayer's claims regarding the RMV and MAV of the subject property for tax year 2010-11 are dismissed.

### 2. *Tax Year 2011-12*

For this tax year, taxpayer seeks adjustment of both the RMV and MAV of the property. For the same reasons as tax year 2010-11 and elsewhere, taxpayer's claims regarding the RMV and MAV of the subject property for tax year 2011-12 are also dismissed.

### 3. *Tax Year 2012-13*

For this tax year, taxpayer again seeks adjustment of both the RMV and MAV of the property. For similar reasons as tax year 2010-11, taxpayer's claims regarding the RMV and MAV of the subject property for tax year 2012-13 are also dismissed.

### 4. *Tax Year 2013-14*

Tax year 2013-14 is the first year in which the limited lookback period is satisfied for purposes of ORS 306.115 and ORS 305.288. It is also noteworthy that tax year 2013-14 is the first year in which taxpayer is *only* seeking a correction to the MAV—not the RMV. Notwithstanding that fact, the result does not change the analysis from prior tax years.

For tax year 2013-14, there is a question regarding whether taxpayer is aggrieved by the values determined by the county assessor. The RMV for taxpayer's property for this year is $421,360. Even if the MAV is reduced to $453,340 as requested, his AV, which is based on the lesser of RMV or MAV, would be the RMV of $421,360. Accordingly, taxpayer's tax burden would not change, and it appears that taxpayer is not aggrieved by the increased MAV. *Cf. Paris v. Dept. of Rev.*, 19 OTR 519 (2008) (holding that taxpayer was not aggrieved by allegedly erroneous RMV where the AV would still be based on the MAV, which was lower than the RMV).

For this reason alone, taxpayer's claim regarding the MAV for tax year 2013-14 could be dismissed. However, for the reasons expressed below as to tax year 2014-15, taxpayer has also failed to state ultimate facts sufficient to constitute a claim. He has not alleged that the MAV for this year was calculated in error, and his claim must therefore be dismissed.

5.  *Tax Year 2014-15*

Just as in tax year 2013-14, taxpayer is only challenging the MAV in tax year 2014-15. Unlike tax year 2013-14, there are no standing issues as to the basic challenge to the MAV. However, there is a standing issue as to taxpayer's appeal from the Magistrate Division.[17] Although taxpayer did not receive all the relief he requested in the Magistrate Division, the magistrate *did* change the MAV in tax year 2014-15 (and tax year 2015-16) to the value requested by taxpayer. Accordingly, as to this tax year, taxpayer is not aggrieved by the decision of the magistrate, and his claim as to this tax year must be dismissed. *See* ORS 305.570(1)(a).

Taxpayer's claim as to this tax year would also be dismissed for failure to state a claim. Although this analysis is not essential to this court's decision, it gives context to the department's argument—discussed below—regarding the effect of this court's dismissal. Accordingly, the court returns to the familiar four routes to relief discussed above.

First, taxpayer has not alleged that he appealed to the BOPTA for tax year 2014-15. Second, taxpayer did not request the department use its supervisory authority under ORS 306.115. Third, because taxpayer is only seeking an adjustment to MAV, he cannot seek relief under ORS 305.288(1), which pertains only to RMV relief. And fourth, taxpayer has not alleged that the MAV was not calculated pursuant to statute, or that an exception to that calculation, such as new improvements or construction, applies. *See* ORS 308.146(1); *Comcast Corp. III*, 22 OTR at 236.

---

[17] The court notes that the department did not move on this basis. However, the court will not ignore it.

Taxpayer's sole complaint is that the MAV in this year is, because of the unchallenged classification error in 1996, too high. However, that allegation is insufficient to constitute a claim for relief.

This court explained in *Kaufman v. Dept. of Rev.*, 20 OTR 159 (2010), that a party cannot request a change to the MAV in the current year solely on the basis of a past error. The current year MAV is based upon a statutory calculation based on the prior year's AV and MAV. *See* ORS 308.146; *Comcast Corp III*, 22 OTR at 235. That calculation applies unless one of six constitutional exceptions applies. *See* Or Const, Art XI, § 11(1)(c)(A)-(F). Taxpayer admitted during oral argument that no such exception was pleaded or has occurred here.

Taxpayer has not stated ultimate facts sufficient to show that the MAV was erroneously calculated. Therefore, taxpayer's claim regarding the MAV for tax year 2014-15 is dismissed.

6.   *Tax Year 2015-16*

For this tax year, the current tax year, taxpayer only seeks adjustment to the MAV. Similar to tax year 2014-15, taxpayer received the relief he requested in the Magistrate Division and does not have standing to appeal to the Regular Division. ORS 305.570(1)(a). And, as in tax year 2014-15, none of the four routes to relief assist taxpayer for tax year 2015-16.

First, taxpayer has not alleged that he sought review before the BOPTA for this year. Of note, the timing of taxpayer's appeal to the Magistrate Division plausibly lines up with taxpayer having pursued relief from the BOPTA for tax year 2015-16 before filing a complaint in the Magistrate Division. However, even if that were true, taxpayer has still failed to allege ultimate facts sufficient to show that the statutory calculation of the MAV for this tax year was done in error, or that an exception applies.

The analysis for the remainder of the routes to relief follows tax year 2014-15. Accordingly, taxpayer's claim for tax year 2015-16 as to MAV is dismissed.

There being no other claims for relief, the department's motion to dismiss is granted.

## C. *Effect of Dismissal*

The question now presents itself: Is the decision of the magistrate to be given effect after dismissal of taxpayer's complaint in the Regular Division. The department argues that the assessment values, *which were changed by the decision of the magistrate*, must remain at their current roll values. In effect, the department, which did not file a complaint in this court, seeks to use its motion to challenge what it sees as an error in the magistrate's decision and receive affirmative relief.

The department has set forth two bases for its position. First, the department argues that this court lacks subject matter jurisdiction and therefore must dismiss the entire case. Second, the department argues that the Tax Court can only issue one judgment and therefore the entry of a judgment of dismissal prevents the entry of a judgment giving effect to the magistrate's decision. The department seeks to bolster this argument by pointing out that a complaint in the Regular Division must state how *the assessor* erred, and so therefore this court is reviewing taxpayer's claims as a whole on the department's motion to dismiss. *See* ORS 305.560(2).

This case presents a variation of the problem presented in *Village at Main Street*. Although not identical to the "cross-appeal" issue in *Village at Main Street*, which resulted from the seeking of affirmative relief in an answer to the taxpayer's complaint, the department has similarly argued in this case that it is entitled to affirmative relief in this court without ever filing a complaint within the time permitted by statute. *See* ORS 305.501 (5)(a) (allowing 60 days for parties to appeal the final decision of the magistrate); ORS 305.501(7) (providing that after 60 days the decision becomes final and a judgment is issued).

As to the department's first argument, it does appear that a dismissal on the basis of subject matter jurisdiction, assuming that the lack of subject matter jurisdiction

also extends to the magistrate's decision, might well result in the decision of the magistrate being vacated.[18] Courts are required to consider *sua sponte* the existence or not of subject matter jurisdiction, and subject matter jurisdiction can be raised at any time. *See, e.g.*, TCR 21 G(4). Accordingly, once the judge determines that there is a lack of jurisdiction over the complaint filed in the Regular Division, the magistrate may, depending on the basis for the lack of jurisdiction in the Regular Division, be on notice to ensure that there is jurisdiction over the complaint filed in the Magistrate Division.

However, both divisions of this court have subject matter jurisdiction over taxpayer's claims, notwithstanding the fact that taxpayer's claims are not sufficiently well pleaded.[19] Even if the magistrate's decision was in error, that decision was still within the jurisdiction of the court. Therefore, unless the magistrate's alleged error is appealed by one or more parties aggrieved by that decision, it has the full force of law once a judgment is issued giving it effect. *See* ORS 305.501(5)(d) ("Appeal to the judge of the tax court is the sole and exclusive remedy for review of a written decision of a magistrate."); ORS 305.501(7) ("If no appeal is taken to

---

[18] Although unlikely, it is possible that the Regular Division would lack jurisdiction over a taxpayer's claims in the Regular Division, but the Magistrate Division would have jurisdiction over that taxpayer's claims in the Magistrate Division. Consider the following hypothetical:

Taxpayer timely and appropriately files a complaint in the Magistrate Division alleging that the RMV and AV of a property is too high. Property valuations cases routinely come through the Magistrate Division, and such cases are within the subject matter jurisdiction of the Magistrate Division (and the Regular Division for that matter).

Assume the magistrate decides that the county's appraisal was correct, and issues a final decision declaring the RMV and AV is that specified by the county. Further assume that the taxpayer chooses not to litigate the RMV and AV further by filing a complaint in the Regular Division. However, assume that the county appraiser damaged taxpayer's property during an on-site inspection of the property.

If taxpayer files a complaint in the Regular Division seeking relief in tort for the damage to the property, the Regular Division would dismiss the complaint for lack of subject matter jurisdiction. *See Sanok*, 294 Or 684. However, lack of subject matter jurisdiction in the Regular Division would not, in this hypothetical, also mean that the Magistrate Division lacked subject matter jurisdiction over the valuation appeal.

[19] Even though taxpayer is not aggrieved as to tax year 2013-14, that fact does not change the analysis as to tax years 2014-15 and 2015-16. *See* 22 OTR at 402 n 11.

the tax court judge within 60 days, the decision of the magistrate shall become final. The tax court shall enter a judgment enforcing all final decisions of the magistrate, which judgment shall be binding upon all parties. ORS 305.440(2)[, requiring adjustment to the roll values,] applies to the final determination of any property tax matter.").

The department's second basis touches on the unique nature of this court with two divisions. As seen in *Village at Main Street*, this court is subject to statutory provisions that at times cause its practice to diverge from the general practice of civil courts.

The court now turns to the department's arguments. First, the department is essentially correct that this court, being one court with two divisions, can only issue one judgment—at least as to where this court reaches the merits of a dispute. *See Dept. of Rev. v. Froman*, 14 OTR 543, 546-547 (1999). There is generally only one final act of a court on the merits of any particular issue.[20] However, this court is aware of no authority preventing it from entering an order granting a motion to dismiss a complaint filed in the Regular Division, and then entering a judgment giving effect to the decision of the Magistrate Division, at least where there is no "cross-appeal." *See* TCR 14 A (providing that a motion is an application for an order; it is not a claim for relief).

Second, the department is mistaken as to the effect of ORS 305.560(2) in this court.[21] The department relies

---

[20] Of course, the finality of a judgment in this court is subject to numerous qualifications. One is reversal by the Supreme Court. ORS 305.445. Another is a motion for relief from judgment. TCR 71 B and C. Another is a motion to correct a judgment. TCR 71 A. Another is a motion for supplemental judgment. TCR 68 C(3)(b). None of these qualifications affects the basic premise of the department as to the finality of a court's decision to determine the rights and responsibilities of the parties in a tax dispute.

[21] ORS 305.560(2) provides:

"The complaint shall state the nature of the plaintiff's interest, the facts showing how the plaintiff is aggrieved and directly affected by the order, act, omission or determination and the grounds upon which the plaintiff contends the order, act, omission or determination should be reversed or modified. A responsive pleading shall be required of the defendant."

This language is similar to the language used in ORS 305.275 to determine who may appeal from an "act, omission, order or determination of" a taxing authority. ORS 305.275(1)(a).

upon ORS 305.560(2) in arguing that complaints must demonstrate how the underlying act, order, determination, or omission of the taxing authority was erroneous. But the statute is not so limited to taxing authorities.

Rather, ORS 305.560 mentions how a complaint must show how a plaintiff is "aggrieved" and "affected" by the order, act, omission, or determination. ORS 305.570 similarly mentions being "aggrieved" and "affected" by a written decision of a magistrate to have standing to appeal to the Regular Division. Such a written decision is certainly a form of order, act, omission, or determination. Indeed, ORS 305.560(4)(a) mentions orders of the Tax Court.

In any case, the department's strained reading of ORS 305.560 cannot turn on its head the statutory scheme of appeals from the Magistrate Division. That scheme requires that "[a]ny party dissatisfied with a written decision of a magistrate" appeal to the judge of the Tax Court.[22] ORS 305.501(5)(a).

The department's view of dismissal fails to consider the context of the *de novo* review obtained in the Regular Division and the structure of this court. While a party is generally free to proceed on new facts, new law, and new arguments, the party aggrieved by the magistrate's decision and seeking affirmative relief must first file a complaint in the Regular Division. ORS 305.501(5)(a) and (d). Otherwise, the magistrate's decision becomes final and a judgment will be entered giving effect to that decision. ORS 305.501(7).

The department's theory also treats the proceedings in the Magistrate Division as completely irrelevant. This court has not held that the proceedings in the Magistrate Division are at all times irrelevant upon the filing of a

---

[22] This court perhaps overstated the importance of the word "to" in *Village at Main Street* when it discussed whether ORS 305.560 is included in the statutory reference "ORS 305.404 to 305.560" found in ORS 305.570 in discussing how an appeal to the Regular Division is perfected. *See* Preface to ORS; ORS 174.100(9) ("'To' means 'to and including' when used in a reference to a series of statute sections, subsections or paragraphs."). Even so, ORS 305.570 simply addresses standing to appeal to the Regular Division. The operative statute concerning appeals to the Regular Division is ORS 305.501, which, as discussed throughout this order, requires that a party must file a complaint—that is, a request for affirmative relief—if that party is dissatisfied with a decision of the magistrate.

complaint in the Regular Division. Quite the opposite. *See Spears v. Dept. of Rev.*, 20 OTR 88 (2010) (reviewing only the decision of the magistrate to dismiss for failure to prosecute); *Freitag v. Dept. of Rev.*, 19 OTR 144 (2006) (same); *Newton v. Clackamas County Assessor*, 17 OTR 348 (2004) (articulating abuse of discretion standard for some decisions of the magistrate); *Norpac Foods, Inc. v. Dept. of Rev.*, 15 OTR 331 (2001) (reviewing failure to submit a written report as required by the magistrate). This court is aware of no authority that the magistrate's decision automatically disappears when a complaint is filed.

In addition, this court has made clear that, even though parties are entitled to an "original" and "independent" proceeding in the Regular Division under ORS 305.425, "'original' has never been construed to mean that an act or failure to act below should be ignored by the court." *Norpac Foods, Inc.*, 15 OTR at 332-33. A party cannot frustrate a magistrate's decision based upon that party's failures below. *See, e.g.*, *Wynne v. Dept. of Rev.*, 342 Or 515, 156 P3d 64 (2007) (dismissal in Regular Division for failure to file complaint in the Magistrate Division).

Appeal to the Regular Division by one party of the magistrate's decision is not necessarily in all ways and for all parties a complete redo of the Magistrate Division proceeding. Rather, an appeal from the Magistrate Division is more like a suit to set aside the decision of the magistrate. *See* ORS 305.425(2).[23] And, as has already been stated, the

---

[23] ORS 305.425(2) does not expressly refer to setting aside a decision of the magistrate. However, that statute existed before the Magistrate Division was created by statute, and it was not materially amended to reflect the creation of the Magistrate Division. *See* Or Laws 1997, ch 541, § 60 (amending ORS 305.425(2) only to reflect the change from "a board of equalization or board of ratio review" to "a board of property tax appeals"). That the legislature failed to amend ORS 305.425(2) to reflect the existence of the Magistrate Division is curious. Before the creation of the Magistrate Division, litigants generally appealed directly to the judge of the Tax Court from acts, orders, omissions, or determinations of taxing authorities. *See* Henry C. Breithaupt & Jill A. Tanner, *The Oregon Tax Court at Mid-Century*, 48 Willamette L Rev 147, 148 (2011). Now, litigants generally appeal first to the Magistrate Division from such acts. *See* ORS 305.275.

Curiosity aside, ORS 305.570 provides that an appeal to the Regular Division "shall be perfected in the manner provided in ORS 305.404 to 305.560." That reference includes ORS 305.425(2), which implies that the perfection of an appeal to the Regular Division includes demonstrating why the magistrate erred and why its decision should be set aside.

ability to set aside such decision and received affirmative relief is dependent upon the filing of a complaint in the Regular Division. ORS 305.501(5)(a) and (d), (6). A dismissal only ensures that the plaintiff does not receive affirmative relief.

This court held in *Village at Main Street* that each party requesting affirmative relief from a magistrate's decision must file its own complaint in the Regular Division to secure its requested relief. Otherwise, the nonappealing party's ability to assert other positions as to income or value is at the risk of the other party voluntarily dismissing its appeal. While this court's decision was vacated by the Supreme Court on other grounds, this court adheres to the analysis here.[24]

In many situations, it does not matter which party actually files the complaint in the Regular Division. This is because this court has authority to determine the correct RMV of property notwithstanding the values pleaded by the parties, ORS 305.412, and the correct amount of tax deficiency even if greater than the amount originally assessed by the department. ORS 305.575. Generally, the court is tasked with reaching the correct result.

However, a party only has standing to *maintain* an action requesting relief in this court if it is aggrieved by the magistrate's decision and it "fil[es] a complaint in the regular division of the tax court within 60 days after the date of entry of the [magistrate's] written decision."[25] ORS 305.501(5)(a). Further, "[a]ppeal to the judge of the tax court is sole and exclusive remedy for review of a written decision of a magistrate." ORS 305.501(5)(d).

If a party does not file a complaint in the Regular Division asserting its independent claims for relief, it walks a precarious line. It may be that the party obtains the relief it seeks because (a) the appealing party stays the course and

---

[24] The Supreme Court vacated this court's decision, but it did not address this issue. *See* 22 OTR at 397 n 1.

[25] Except in cases where appeal directly to the Regular Division is permitted by statute, or the parties petition for special designation to the Regular Division. *See, e.g.*, ORS 305.501(1) (providing for petitions for special designation); TCR 1 C (corresponding rule on petitions for special designation).

(b) the court, based on its authority to independently determine the correct value or amount of deficiency, affirmatively rules in favor of the nonappealing party. However, such an outcome is not certain, and requires the *appealing party* to stay the course.[26]

It is also especially important for each party to file its own complaint when the issue is one other than the correct value, ORS 305.412, or the correct amount of tax, ORS 305.575. Yet, even in those cases, if the nonappealing party wants to request affirmative relief to improve its position, it needs to do so by filing a complaint in the Regular Division asking for relief greater than that obtained in the Magistrate Division.

The above discussion notwithstanding, it is a certainty that a nonappealing party does not get affirmative relief from a successful motion to dismiss an appealing party's complaint for failure to state a claim. Rather, the appealing party does not get the relief sought and the nonappealing party gets no relief from the magistrate's decision.

Having discussed the general statutory nature of appeals to the Regular Division and why the department's arguments do not comport with the statutory scheme, the court now addresses why, as a practical matter, the department's successful motion to dismiss in this case simply *cannot* result in magistrate's decision being nullified. The logic of this decision is similar to that of the department in its supplemental brief on the effect of dismissal in the Regular Division. Although the premise of the statement was that this court had no jurisdiction of taxpayer's claims, an argument which this court has rejected, the analysis is salient. On page 3 of its brief, the department states:

"This situation[, dismissal for lack of subject matter jurisdiction,] should be distinguished from appeals of a magistrate's decision to the Regular Division that are dismissed because they are defective for some procedural reason not related to subject matter jurisdiction. For example, if the taxpayer fails to pay the disputed tax and fails to file an affidavit of hardship as required by ORS 305.419, or if the

---

[26] Of course, it also requires the "appealing party" to have even filed a complaint in the Regular Division in the first place.

appeal to the Regular Division is untimely or if there is a failure of process. In such cases, it is appropriate for the Regular Division to enter a judgment enforcing the magistrate's decision on the merits, *because otherwise parties could avoid the effect of the magistrate's decision simply by filing an untimely appeal to the Regular Division.* Here, neither division of the court has authority to change the MAV for any of the tax years that were appealed and the judgment of the court should reflect that."

(Emphasis added.)

This court notes that the department's final sentence reflects a critical misunderstanding regarding the roles of motions to dismiss versus complaints (appeals). If a magistrate acts within the court's jurisdiction but *outside* its authority, the correct response by the aggrieved party is to *appeal*, not dismiss the other party's appeal.

As far as the distinction between dismissals for lack of subject matter jurisdiction and other bases for dismissal, this court agrees. If the magistrate acted outside the court's jurisdiction, then no judgment may be entered reflecting that decision. However, the distinction between dismissals on the basis of subject matter jurisdiction and otherwise, and the emphasized rationale, confirms the result in this case.

Consider, for example, the problems that would be raised by a notice of dismissal filed by a plaintiff. *See* TCR 54. Assume that the department's theory is correct that a dismissal by this court requires that it enter, in all cases, a *judgment* of dismissal, which *judgment* must dismiss the case in its entirety. In fact, a plausible reading of TCR 54 A(1) so states, "[A] plaintiff may dismiss an action *in its entirety* *** without order of court *** by filing a notice of dismissal with the court ***. Upon notice of dismissal *** a party must submit a form of judgment and the court will *enter a judgment of dismissal.*" (Emphasis added.)

Such an interpretation would do violence to the statutory scheme providing for resolution of disputes first in the Magistrate Division and then by *de novo* proceedings in the nature of review in the Regular Division. *Cf.* ORS 305.501(5)(d). Consider where a taxpayer had prevailed in

the Magistrate Division, for example by proving that the assessment roll values were too high. The county assessor, having failed to prove that the roll values were correct, could file a complaint in the Regular Division on the last such day a complaint could be filed. Then, on that day or the next day, the county could file a notice of dismissal, completely wiping out taxpayer's victory in the Magistrate Division.

These results are particularly troublesome where, as in the case where the taxpayer prevailed in the Magistrate Division, the taxpayer does not have standing to appeal to the Regular Division under ORS 305.570(1)(a). Such a situation is not just precarious—it is unwinnable and indefensible.

In fact, taxpayer in this case did not have standing to appeal tax years 2014-15 and 2015-16, yet he filed a complaint attempting to appeal them anyway. If the department's theory was correct, an incredibly unusual circumstance would arise here. In this case, taxpayer received relief for tax years 2014-15 and 2015-16 when the magistrate gave effect to the stipulation. And, although he did not need to, taxpayer appealed those years to this court. This court dismissed those years because he had already received the relief he requested in the Magistrate Division. Yet, under the department's theory, because taxpayer won in the Magistrate Division, he would lose in the Regular Division and this court should both dismiss his complaint in this division and set aside the decision of the magistrate.

Such a result cannot be the law, and an appropriate reading of the statutory scheme governing this court and its two divisions does not support it. Regardless of how this court's rules might be interpreted, any such interpretation cannot supersede what is provided for by *statute*. *See Village at Main Street*, 22 OTR at 57-58. If the department wants affirmative relief, it must file its own complaint.

The court notes that the potentially troublesome language in TCR 54 A is not present in TCR 21 A, with respect to motions to dismiss. However, the statutory scheme remains. If a party believes that the magistrate has erred, that party is required to file a complaint to secure its opportunity to request affirmative relief. ORS 305.501(5)(d).

In this case, the department did not file its own complaint, and therefore has no basis for affirmative relief after the dismissal of taxpayer's complaint. On dismissal, the roll values will be set according to the magistrate's decision.

It is also worth noting that this court dismissed taxpayer's claims as to tax year 2014-15 and 2015-16 for lack of standing to proceed to the Regular Division because taxpayer was not aggrieved by the magistrate's decision. It would be inconsistent for this court to dismiss a claim on such a basis and then enter a judgment that returns the assessment values to the roll values.

Finally, the court comments on two procedural matters regarding appeals to the Regular Division that the department argues support the proposition that a dismissal must revert to the original act, order, omission, or determination of the taxing authority before the decision of the Magistrate Division.

The first procedural matter addresses the form of the complaint filed in the Regular Division. ORS 305.560(2) provides that the taxpayer must establish in its complaint how the taxpayer is aggrieved by the act, order, omission, or determination of the taxing authority. Essentially, the department argues that ORS 305.560(2) requires taxpayer to show why the assessor was wrong and, if taxpayer fails to do so, then the court must give effect to the original roll values. The second procedural matter addresses the requirement, in income tax matters, of the taxpayer to pay the amount of the department's assessment "on or before the filing of a complaint with the regular division." ORS 305.419(1).

Neither of these procedural matters changes the analysis. First, the department's view appears to fit nicely when it is a taxpayer that is appealing from the decision of a magistrate. The problem with the department's construction is easily demonstrated where the county, instead of the taxpayer, loses in the Magistrate Division, and the county finds itself appealing to the Regular Division in order to defend its assessed values. One is certainly not aggrieved by one's own assessment actions. In that situation, the county is not aggrieved by its own assessed values. What it is aggrieved by is the decision of the magistrate. That is where ORS

305.570 provides that the county has standing to appeal to the Regular Division. The pleading requirements contained in ORS 305.560(2) do not change the requirement that, if a party is dissatisfied by the magistrate's decision, that party must file a complaint as required by ORS 305.501.

As to the department's second procedural point, ORS 305.419(1) simply reflects a legislative policy that taxpayers get one full and fair hearing before a magistrate before they are required to pay the tax assessment or demonstrate hardship. The fact that a taxpayer would only have standing to appeal to the Regular Division if the taxpayer lost, at least in part, in the Magistrate Division, means that the taxpayer failed to prove in the first instance that the taxpayer's claims are correct. A policy requiring such a taxpayer to now pay the full assessment before litigating further is irrelevant to the effect of a dismissal of a complaint filed in the Regular Division.[27]

In sum, a motion to dismiss a plaintiff's complaint in the Regular Division for failure to state ultimate facts sufficient to constitute a claim does not entitle the moving party to affirmative relief, even assuming that the grant of dismissal implies that the magistrate erred. A different result would have been reached in a dismissal for lack of subject matter jurisdiction,[28] and a different result most probably would have been reached had the department filed a complaint in this court seeking review of the magistrate's decision.

This conclusion fits nicely within the statutory scheme governing appeals to the Regular Division. If a party is dissatisfied with a decision of the magistrate, that party must file a complaint in the Regular Division. ORS 305.501(5)(a) and (d).

The conclusion of this court also fits within the rules of this court regarding claims for relief. Claims for relief must be raised in the pleadings. TCR 18 A(2). The

---

[27] It is worth noting that this case is not an income tax case, and ORS 305.419(1) does not apply here.

[28] Unless the lack of subject matter jurisdiction in the Regular Division did not also extend to the Magistrate Division. *See* 22 OTR at 410 n 18.

only pleadings in which a claim for relief is allowed are complaints and answers (to the extent they contain "counterclaims"). TCR 13 B. Accordingly, even if this court is incorrect in its analysis in *Village at Main Street* with respect to the availability of "counterclaims" after the 60-day appeal period has expired, any such error does not save the department here because the department has neither filed a complaint nor an answer with a counterclaim.[29]

It is appropriate at this time to comment on the situation in which the department finds itself. The department was not the assessing authority in this case. The department was not named as a defendant in the Magistrate Division. The department did not participate in the proceedings of the Magistrate Division. And, the department was not a party to this case until taxpayer filed a complaint in the Regular Division naming the department as Defendant, as required by statute. *See* ORS 305.501(5)(c) (requiring the department to be named as the defendant in property tax matters if a party other than the county appeals to the Regular Division). It might appear that the department is at a disadvantage in correcting alleged errors of the magistrate when it might not be a party until the appeal to the Regular Division.

However, the legislature has enacted a statutory scheme designed to give the department substantial notice of the occurrences in the Tax Court, and the power to react to such notice as it deems fit. First, the Tax Court serves "copies of all complaints and petitions" filed in the Magistrate Division (and Regular Division) on the department. ORS 305.560(1)(b). Second, the court serves copies of "any order or judgment issued by the tax court" on the department. ORS 305.560(4)(a). And third, the department may "[a]t any time in the course of any appeal * * * intervene as a matter of right." *Id*.

The notice and intervenor power conferred on the department by the legislature assists the department in

---

[29] The court of course adheres to its decision in *Village at Main Street* because the statutory provision governing appeals to this division, ORS 305.570, does not contemplate a counterclaim. That statutory provision prevails over this court's rules.

carrying out its duty to supervise the tax laws of the state, including the property tax system. ORS 305.015; *see also* ORS 306.115; ORS 306.120.

The department finds itself in a situation which is analogous to that of a taxpayer in a property tax matter. As discussed by this court in *Taft Church v. Dept. of Rev.*, 14 OTR 119, 122 (1997), *aff'd*, 326 Or 139, 950 P2d 313 (1997):

> "Most taxpayers are familiar with our income tax systems under which *taxpayers* keep the records and assess the tax, and the government audits for accuracy and correctness. In contrast, the property tax system requires the *government* to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness. Both systems impose time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit."

(Emphases in original.)

Similarly, the department must monitor and "audit" the actions and decisions of local assessors in property tax matters, including stipulations by assessors and appeals, to ensure accuracy and correctness. It may, of course, also instruct assessors that any stipulation of value, including MAV, must be reviewed by the department. Finally, the department must be "vigilant" in reviewing what the magistrate has done "so as to timely appeal" if it so desires. *Cf. Myslony v. Dept. of Rev.*, 21 OTR 146 (2013).

The department's motion to dismiss is granted. However, the result of that action is that the decision of the magistrate, which was not appealed by the department, will be given effect in a judgment of this court.

## V.   CONCLUSION

The department's motion to dismiss is denied as to lack of subject matter jurisdiction, but granted as to failure to state ultimate facts sufficient to constitute a claim as to tax years 2010-11 through 2013-14, and for lack of standing as to tax years 2014-15 and 2015-16. The department's motion is granted to the extent that it dismisses taxpayer's claims in this court, but the court grants no affirmative relief to the department. The assessment values

adjusted by the magistrate in his Final Decision were not appealed by the department, and should therefore be given effect. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

The court will enter a judgment giving effect to the assessment values determined by the magistrate in his Final Decision.