IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| GURU NANAK DARBAR, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180262R |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL[1]** |

This matter came before the court on Defendant's Motion to Dismiss, filed July 20, 2018, requesting dismissal of Plaintiff's Complaint.

Plaintiff filed its Complaint on June 27, 2018, seeking a refund of property taxes paid for Accounts R153527 and R153528 (subject property) for the 2013-14 through 2017-18 tax years. Defendant denied Plaintiff's application for tax exemption on March 30, 2018, for failure to timely apply for exemption pursuant to ORS 307.162.

On July 20, 2018, Defendant filed a motion to dismiss stating "Plaintiff does not qualify for an exemption for the 2013/14 through 2017/18 tax years [because] * * * [P]laintiff never filed a timely application for exemption for any of the years under appeals." (Def's Mot at 1.) Defendant also asserts that "the court lacks jurisdiction over this case[.]" The court held a case management conference on September 6, 2018. At that conference the parties agreed that Plaintiff would file a response to Defendant's Motion to Dismiss by October 8, 2018. The agreement was memorialized in a Journal Entry entered by the court on September 10, 2018.

/ / /

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered October 30, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Plaintiff has not filed a response and the court has received no further communication from Plaintiff.

Defendant's contention that the court lacks jurisdiction is incorrect. The court has exclusive jurisdiction over "all questions of law and fact arising under the tax laws of the state." ORS 305.410[2]; *Work v. Dept. of Rev.*, 22 OTR 396, 402 (2017). The subject of Plaintiff's appeal—the denial of property tax exemption for religious organizations—certainly arises under the tax laws of the state. (Compl at 4.) The court has subject matter jurisdiction over taxpayer's appeal. The existence of subject matter jurisdiction does not mean that the factual basis necessary to give relief exists. The court will treat Defendant's motion as a motion to dismiss for failure to state facts upon which relief may be granted. *See* TCR 21 A.

Before a property tax exemption may be granted for a religious organization under ORS 307.140, a taxpayer must first make a claim for exemption with the county assessor.

> "Before any real or personal property may be exempt from taxation under ORS * * * 307.130 to 307.140 * * * for any tax year, the institution or organization entitled to claim the exemption must file a claim with the county assessor, on or before April 1 preceding the tax year for which the exemption is claimed."

ORS 307.162. Plaintiff does not allege that it timely filed claims for the years at issue, nor do the application or other materials attached to the Complaint show that a timely claim for exemption was made.

A late claim may be accepted if it is accompanied by a late fee in three circumstances 1) "the claimant demonstrates good and sufficient cause for failing to file a timely claim," 2) the

///

///

---

[2] With some exceptions not relevant here.

claimant is a "first-timer filer" or 3) the claimant is a public entity. ORS 307.162(2). None of those exceptions are applicable to this case.[3]

As to the first exception, "good and sufficient cause" means "an extraordinary circumstance beyond the control of the taxpayer or the taxpayer's agent or representative that causes the failure to file a timely claim." ORS 307.162(4)(b)(A). "'Good and sufficient cause' does not include hardship, reliance on misleading information unless the information is provided by an authorized tax official in the course of the official's duties, *lack of knowledge, oversight or inadvertence*." ORS 307.162(4)(b)(B) (emphasis added). In Section 3 of the Complaint Plaintiff states that Defendant is in error because "we were not aware of the tax exemption." Plaintiff's lack of awareness of its entitlement to exemption does not excuse its failure to timely file a claim for exemption. Plaintiff has not alleged any other circumstances that could be characterized as "good and sufficient cause."

As to the second exception, a "first-time filer" is defined as "a claimant that (A) Has never filed a claim for the property that is the subject of the current claim; and (B) Did not receive notice from the county assessor on or before December 1 of the tax year for which exemption is claimed regarding the potential property tax liability of the property." ORS 307.162(4). Plaintiff is requesting a refund of taxes paid for the last five years so it appears that Plaintiff did receive notice of the tax liability on the property, indeed, it paid that liability. Plaintiff does not qualify for late filing under this exception. Plaintiff has not alleged that it qualifies under this exception or stated facts that suggest it qualifies.

/ / /

---

[3] It appears that Plaintiff did not pay the late filing fee. On the application for exemption under "[a] late fee is attached" Plaintiff checked "No."

Finally, the third exception is for "public entities" defined as those exempt under ORS 307.090. It is clear from the pleadings and documents presented that Plaintiff is not a public entity as defined under ORS 307.090. (Compl at 7.)

Plaintiff has not stated facts legally sufficient to support its claim *i.e.* that the claim was timely filed or it falls within the late filing exceptions under ORS 307.162. Plaintiff has not responded to Defendant's Motion to Dismiss or identified any basis in law or fact for invalidating Defendant's determination. Accordingly, the court finds Plaintiff's appeal must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal be dismissed.

Dated this ____ day of November 2018.


_____
RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.***

***This document was signed by Magistrate Davis and entered on November 19, 2018***